IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

RECEIVED
NOV 13 2018
CLERK, U.S. DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS, MONTANA

ROBERT GOTSCHALL, pro se )
  Plaintiff )
) CAUSE NO. _____
)
Vs. )
)
)
Tony HARBAUGH - Sheriff; ) COMPLAINT
PAT ROOS - Undersheriff; )
ROLAND McGRATH - Sergeant; and )
KIM VERKE - RN )
  Defendant(s) )

Plaintiff, ROBERT GOTSCHALL, files this 42 U.S.C. § 1983 for redress due to the severity of the constitutional violations:

## I. PARTIES

1. Plaintiff, ROBERT GOTSCHALL, AO# 3011032, whose address is MONTANA STATE PRISON, 700 CONLEY LAKE RD., DEER LODGE, MT 59722;

(1)

2. Defendant, TONY HARBAUGH - Sheriff, whose address is CUSTER COUNTY DETENTION CENTER, 1010 MAIN ST., MILES CITY, MT 59301. Defendant is responsible for making and enforcing policies within the agency. Defendant is being sued in his INDIVIDUAL and OFFICIAL CAPACITIES;

3. Defendant, PAT ROOS - Undersheriff, whose address is CUSTER COUNTY DETENTION CENTER, 1010 MAIN ST., MILES CITY, MT 59301. Defendant is responsible for making and enforcing policies within the agency. Defendant is being sued in his INDIVIDUAL and OFFICIAL CAPACITIES;

4. Defendant, ROLAND McGRATH - Sergeant, whose address is CUSTER COUNTY DETENTION CENTER, 1010 MAIN ST., MILES CITY, MT 59301. Defendant is being sued in his INDIVIDUAL and OFFICIAL CAPACITIES;

5. Defendant, KIM JERKE - RN, whose address is CUSTER COUNTY DETENTION CENTER, 1010 MAIN ST., MILES CITY, MT 59301. Defendant is responsible for any medical issues. Defendant is being sued in her INDIVIDUAL and OFFICIAL CAPACITIES;

(2)

## II. JURISDICTION & VENUE

6. The United States District Court for the District of Montana, Billings Division, has jurisdiction and venue pursuant to Title 28 United States Code sections 1331 & 1391 because all of the claims stated herein occurred in Custer County, Montana;

## III. EXHAUSTION OF REMEDIES

7. Plaintiff exhausted multiple remedies that were available to him at the Custer County Detention Center pursuant to 42 U.S.C. § 1997e, Prison Litigation Reform Act of 1995. Plaintiff repeatedly filed grievances pursuant to the Custer County Detention Center's grievance policies in order to seek help with his serious medical needs. After several grievances, Defendant PAT ROOS informed him that he will not answer anymore grievances from him while he was a detainee;

## IV. STATEMENT OF CLAIMS

8. Defendants, TONY HARBAUGH, PAT ROOS, ROLAND McGRATH,

and Kim Jerke, each violated Plaintiff's constitutional rights guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution when the acted in deliberate indifference to his serious medical needs, i.e., cancer, colostomy, etc..., by their delay, denial and interference in following the doctor's ordered treatment;

## V. STATEMENT OF FACTS

9. Plaintiff was remanded to Custer County Detention Center on April 14th, 2017;

10. Upon arrival, Plaintiff turned over all of his medications and medical supplies to the defendants so that he could properly change his colostomy bag as ordered by his treating physician;

11. Defendant Kim Jerke had Plaintiff to sign a medical release so that she could consult with his primary physician in order to properly treat his condition;

12. Defendants Roland McGrath and Kim Jerke acted

needs on the basis of either his action or his inaction." [GIBSON V. COUNTY OF WASHOE, 290 F.3d 1175 (9th Cir. 2002)].

Deliberate indifference "may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." [HUTCHINSON V. UNITED STATES, 838 F.2d 390 (9th Cir. 1988); LOPEZ V. SMITH, 203 F.3d 1122 (9th Cir. 2000)].

Much like recklessness in criminal law, deliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm. [FARMER V. BRENNAN, 511 U.S. 825 (1994); GIBSON V. COUNTY OF WASHOE, 290 F.3d 1175 (9th Cir. 2002)].

"Prison officials are deliberate indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." [HALLETT V. MORGAN, 296 F.3d 732 (9th

the relief listed below for his injuries;

16. Compensatory damages in the amount of $1,500,000;

17. Punitive damages in the amount of $250,000;

18. A jury trial;

19. Court costs and reasonable attorney fees; and

20. All other relief this Court deems just and equitable.

## VERIFICATION

Plaintiff swears under penalty of perjury that all of the claims alleged herein in this 42 U.S.C. §1983 are true and correct. These statements are made off of personal knowledge.

Signed this the 8 day of November, 2018.

*Robert Gotschall*

ROBERT GOTSCHALL
AO# 3011032
MONTANA STATE PRISON
700 Conley Lake Rd.
Deer Lodge, MT 59722

STATE OF MONTANA §
COUNTY OF POWELL §

SUBSCRIBED AND SWORN to before me on this 8th day of November, 2018.

_____
Signature of Notary
Den M. Lemmon
Name of Notary
NOTARY PUBLIC FOR THE
STATE OF MONTANA
My Commission Expires:
March 17, 2021

DEN M. LEMMON
NOTARY PUBLIC for the
State of Montana
Residing at Anaconda, Montana
My Commission Expires
March 17, 2021

(7)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

ROBERT GOTSCHALL, pro se )
　Plaintiff )  CAUSE No. _____
 )
 )
Vs. )  MEMORANDUM IN SUPPORT
 )  OF 42 U.S.C. §1983
 )
TONY HARBAUGH - SHERIFF, et al., )
　Defendant(s) )

　　Plaintiff, Robert Gotschall, files this Memorandum in Support of 42 U.S.C. § 1983 in order to show the authorities used to support each of his claims:

I.

　　The PLRA, 42 U.S.C. § 1997, mandates that inmates exhaust all available administrative remedies before filing "any suit challenging prison condition," including, but not limited to, suits under § 1983. [WOODFORD V. NGO, 548 U.S. 81 (2006)]. An inmate is required to exhaust only available remedies. [BOOTH V. CHURNER, 532 U.S. 731

(1)

(2001); BROWN V. VALOFF, 422 F.3d 926 (9th Cir. 2005)]. To be available, a remedy must be available "as a practical matter;", it must be "capable of use; at hand." [BROWN V. VALOFF, 422 F.3d 937 (9th Cir. 2005)].

## II.

The United States Supreme Court settled the issues dealing with "deliberate indifference" in multiple cases that are still precedent in prisoner's 42 U.S.C. § 1983 in regards to medical issues. A prison official's "deliberate indifference" to a substantial risk of harm to an inmate violates the Eighth Amendment. [FARMER V. BRENNAN, 511 U.S. 825 (1994); HELLING V. McKINNLEY, 509 U.S. 25 (1993); WILSON V. SEITER, 501 U.S. 294 (1991); ESTELLE V. GAMBLE, 429 U.S. 97 (1976)].

The Constitution "does not mandate comfortable prisons" [RHODES V. CHAPMAN, 452 U.S. 337 (1981)], but neither does it permit inhumane ones, and it is now settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth

(2)

Amendment. [HELLING V. McKINNEY, 509 U.S. 25 (1993)]. The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care. [HUDSON V. PALMER, 468 U.S. 517 (1984); WASHINGTON V. HARPER, 494 U.S. 210 (1990); DeSHANEY V. WINNEBAGO COUNTY DEPT. OF SOCIAL SERVS., 489 U.S. 189 (1989)].

The term "DELIBERATE INDIFFERENCE" first appeared in the United States Reports in ESTELLE V. GAMBLE, [427 U.S. at 104 (1976)], and its use there shows that deliberate indifference describes a state of mind more blameworthy than negligence. [WHITLEY V. ALBERS, 475 U.S. 312 (1986)("more than ordinary lack of due care for the prisoner's interests or safety.")].

With deliberate indifference lying somewhere between the poles of negligence at one end and purpose or knowledge at the other, the Courts of Appeals have routinely equated deliberate indifference with recklessness ("GROSS NEGLIGENCE"). [See, e.g., LaMARCA V. TURNER, 995 F.2d 1526 (11th Cir. 1993); MANARITE V.

SPRINGFIELD, 957 F.2d 953 (1st Cir. 1992); REDMAN V. COUNTY OF SAN DIEGO, 942 F.2d 1435 (9th Cir. 1991); MILTIER V. BEORN, 896 F.2d 848 (4th Cir. 1990); MARTIN V. WHITE, 742 F.2d 469 (8th Cir. 1984); SPRINGFIELD V. KIBBE, 480 U.S. 257 (1987)].

The United States Court of Appeals for the Ninth Circuit held in LOLLI V. COUNTY OF ORANGE, [351 F.3d 410 (9th Cir. 2003)], claims of failure to provide care for serious medical needs are analyzed under the substantive due process clause of the Fourteenth Amendment. [GIBSON V. COUNTY OF WASHOE, 290 F.3d 1175 (9th Cir. 2002)].

An official defendant is liable for denying needed medical care only if he "knows of and disregards an excessive risk to inmate health and safety;" "In order to know of the risk, it is not enough that the person merely 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, [] he must also draw that inference.'..." "But if a person is aware of a substantial risk of serious harm, a person may be liable for neglecting a prisoner's serious medical

(4)

in deliberate indifference to Plaintiff's serious medical need when they knowingly interfered with his treatment, which cause unnecessary infliction of pain;

13. Each of the named defendants denied Plaintiff the right to change his flanges and colostomy bag, with a special deoderant to prevent unpleasant smells, every two (2) days as ordered by his primary care physician;

14. Each of the named defendants denied Plaintiff his medications because they stated that they didn't have time to monitor him;

15. Each of the named defendants acted in deliberate indifference when they knew that the Plaintiff had a serious medical need which required specific medications and treatment and the had the doctor's orders in their possession;

## VI. REQUEST FOR RELIEF

Plaintiff prays that this Court will grant him

(5)

Cir. 2002)].

A constitutional violation may take place when the government does not respond to the legitimate medical needs of a detainee, whom it has reason to believe has a serious medical condition. [NATALE V. CAMDEN COUNTY CORR. FACILITY, 318 F.3d 575 (3d Cir. 2003); EGEBERGH V. NICHOLSON, 272 F.3d 925 (7th Cir. 2001); HUNT V. UPHOFF, 199 F.3d 1220 (10th Cir. 1999); ROBERSON V. BRADSHAW, 198 F.3d 645 (8th Cir. 1999); WEYANT V. OKST, 101 F.3d 845 (2d Cir. 1996); SLAY V. ALABAMA, 636 F.2d 1045 (5th Cir. Unit B Feb 1981)

## Conclusion

Plaintiff uses these authorities herein to support each claim alleged in his 42 U.S.C. § 1983.

Signed this the ___ day of _____, 2018.

ROBERT GOTSCHALL
AO #3011032
MONTANA STATE PRISON
700 CONLEY LAKE RD.
DEER LODGE, MT 59722

(10)

Signed this the 8 day of November, 2018.

*[signature]*

ROBERT GOTSCHALL
AO# 3011032
MONTANA STATE PRISON
700 Conley Lake Rd.
Deer Lodge, MT 59722

STATE OF MONTANA §
COUNTY OF POWELL §

SUBSCRIBED AND SWORN to before me on this 8th day of November, 2018.



*[signature]*

Signature of Notary
Den M. Lemmon
Name of Notary
NOTARY PUBLIC FOR THE
STATE OF MONTANA
My Commission Expires:
March 17, 2021

(7)